IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **CHARLES STUKES** | * |
| *Plaintiff* | * |
| v. | * Civil Case No.: RWT 12cv681 |
| **GARY LOCKE** *Secretary, United States Department of Commerce* | * |
| *Defendant* | * |

## MEMORANDUM OPINION AND ORDER

On March 2, 2012, Plaintiff filed an employment discrimination claim against Defendant, Gary Locke, Secretary, United States Department of Commerce. *See* ECF No. 1. On April 3, 2012, Plaintiff filed correspondence with this Court requesting appointment of counsel. *See* ECF No. 8. Attached to this correspondence is a letter terminating Alan Lescht of Alan Lescht and Associates PC as his Counsel. *See* Ex. 1, Letter Terminating Counsel, ECF No. 8-1. Although, the letter did not address whether Plaintiff intended to also terminate Rani Vanessa Rolston of Alan Lescht and Associates PC, this Court will assume that Ms. Rolston was also terminated given that Plaintiff now seeks new counsel. Neither Mr. Lescht nor Ms. Rolston filed a motion to withdraw their appearance. On May 14, 2012, Plaintiff filed what appears to be a Motion to Change Venue to the Baltimore Division. *See* ECF No. 9.

Local Rule 501 governs the assignment of cases within the two divisions of this District. The Plaintiff resides in Germantown in Montgomery County. Local Rule 501.4(a)(ii) provides that a "case in which the United States, the State of Maryland, or one of their agencies and a non-governmental entity or individual residing in Maryland are opposing parties shall be

assigned to a Judge sitting in the division of the Court in which the non-governmental party resides." Accordingly, this case was properly assigned to the Southern Division, and Plaintiff's motion will be denied.

A federal district court's power to appoint counsel in civil actions under 28 U.S.C. § 1915(e)(1) is a discretionary one, and may be considered where an indigent claimant presents exceptional circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975); se*e also Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982). The question of whether such circumstances exist in a particular case hinges on the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by *Mallard v. U.S. District Court*, 490 U.S. 296, 298 (1989). Where a colorable claim exists but the litigant has no capacity to present it, counsel should be appointed. *Id.* Because Plaintiff has the capacity to articulate his employment discrimination claim, this Court will not appoint counsel.

Accordingly, it is, this 21st day of May, 2012, by the United States District Court for the District of Maryland,

**ORDERED**, that the appearances of Alan Lescht and Rani Vanessa Rolston, of the firm Alan Lescht and Associates PC, are hereby stricken as counsel for the Plaintiff Charles Stukes; and it is further

**ORDERED**, that Plaintiff's Motion to Change Venue to the Baltimore Division [ECF No. 9] is **DENIED**; and it is further

**ORDERED**, that Plaintiff's request for appointment of counsel is **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE