**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

<table>
<tr><td></td><td>*</td><td></td></tr>
<tr><td><strong>CHARLES STUKES,</strong></td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td><em>Plaintiff</em></td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>Civil Case No.: RWT 12cv681</td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td><strong>GARY LOCKE, Secretary,</strong></td><td>*</td><td></td></tr>
<tr><td><strong>United States Department of Commerce,</strong></td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td><em>Defendant</em></td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

## MEMORANDUM OPINION

Plaintiff Charles Stukes initiated this lawsuit in March 2012 after his employer, the National Weather Service, placed him on administrative leave and eventually terminated him. Plaintiff alleged that he was discriminated against for a perceived mental disability and retaliated against for filing two EEOC complaints. On August 9, 2012, Defendant Locke filed a motion to dismiss or, in the alternative, for summary judgment. *See* ECF No. 18. As explained below, Defendant's motion will be granted.

## FACTS

Plaintiff was a GS-2210-7 Information Technology Specialist for the National Weather service, part of the United States Department of Commerce (hereinafter "the Agency"). Plaintiff applied and was selected for that position in 2008, in part due to the 5-point veteran's preference that he claimed.

On January 21, 2011, while at work, Plaintiff stated that he was going to jump off of the building. Plaintiff's supervisors, Mahnaz Dean and Susan Murphy, were concerned about the

comment and took it as a serious threat that Plaintiff might harm himself or others.  Management

decided to place Plaintiff on administrative leave pending a psychological evaluation as a safety

precaution.  On March 11, 2011, after evaluating Plaintiff during four visits, clinical psychologist

Dr. Suzanne Gladstone wrote a letter to the Agency stating that he had no medical or

psychological impairments, could fully return to work, and did not require any special

accommodations to perform his job.

      While Plaintiff was on administrative leave, his personnel file was reviewed.  During this

process, the Agency discovered that he actually was not entitled to the five-point veteran's

preference that he had received during the application process.  Plaintiff was in the military

between 1984 and 1987, a time period that did not qualify him for a five-point veteran's

preference.  He also served in the Army Reserves, but he was not called for active duty.  As a

result, Plaintiff was improperly offered his position over another qualified veteran.  Additionally,

Plaintiff had been appointed through a career reinstatement appointing authority despite the fact

that he did not have qualifying prior Federal service.

      On March 15, 2011, the Agency requested additional information from Plaintiff

regarding his military service to verify whether any veteran's preference could apply to Plaintiff.

Plaintiff did not submit any further documentation.  Around March 25, 2011, Plaintiff filed an

EEOC Complaint alleging discrimination based on a perceived disability.  At that time, he also

claimed that he was being retaliated against for filing a prior EEOC complaint.  On April 7,

2011, the Agency's Workforce Management Office formally notified Plaintiff's supervisers that

upon reviewing Plaintiff's appointment, his appointment was indeed erroneous and could not be

regularized.  On July 26, 2011, Plaintiff was sent a letter of proposed termination because of the

erroneous appointment.

After later determining that a number of other employees had also been mistakenly appointed, the Agency decided not to revoke the appointment of any such employees at that time.  Plaintiff's proposed termination was formally rescinded on February 29, 2012.  On March 2, 2012, Plaintiff filed the complaint in the present case.  On March 22, 2012, Plaintiff was informed that he should report to work on March 26, 2012.  Plaintiff did not report to work at that time, and never reported at any time subsequent.  As a result, his employment was terminated on July 5, 2012.

## **STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint.  *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  A court must consider all well-pleaded allegations in a complaint as true, *see Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe factual allegations in the light most favorable to the plaintiff.  *See Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005).  To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief."  *Id.* at 679; *see also Simmons & United Mortg. & Loan Invest.*, 634 F.3d 754, 768 (4th Cir. 2011) ("On a Rule 12(b)(6) motion, a complaint must be dismissed if it does not allege enough facts to state a claim to relief that is plausible on its face.") (quotation and emphasis omitted).  "'Thus, in reviewing a motion to dismiss an action

pursuant to Rule 12(b)(6) a court must determine whether it is plausible that the factual allegations in the complaint are enough to raise a right to relief above the speculative level.'" *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009) (quoting *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009)).

Summary judgment is proper if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). A dispute of material fact is only "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248-49. However, the nonmoving party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1986). "A party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The Court may only rely on facts supported in the record, not simply assertions in the pleadings, in order to fulfill its "affirmative obligation . . . to prevent 'factually unsupported claims or defenses' from proceeding to trial." *Felty v. Grave-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (citing *Celotex*, 477 U.S. at 323-24). When ruling on a motion for summary judgment, "[t]he evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson*, 477 U.S. at 255 (emphasis added).

However, "if the evidence is merely colorable or not significantly probative, it may not be adequate to oppose entry of summary judgment." *Thompson Everett, Inc., v. Nat'l Cable Adv.*, 57 F.3d 1312, 1323 (4th Cir. 1995).

## DISCUSSION

### I.      Count I - Discrimination Claim

To state a prima facie case for discrimination based on a disability, Plaintiff must establish that: (1) he is an individual with a disability; (2) he is otherwise qualified for the job in question; and (3) he suffered an adverse employment action solely because of the disability.  *See Perry v. Computer Sciences Corp.*, 429 Fed. Appx. 218, 200 (4th Cir. 2011); *Little v. FBI*, 1 F.3d 255, 257 (4th Cir. 1993).  A "disability" is defined as (a) a physical or mental impairment that substantially limits one or more of the major life activities of an individual, (b) a record of such impairment, or (c) being regarded as having such an impairment.  42 U.S.C. § 12102(2).

Plaintiff's discrimination claim utilizes the third definition of "disability," as he alleges that the Agency regarded him as suffereing from depression or suicidal ideations.  For claims relying on this definition, the plaintiff's employer "must entertain a misperception: 'it must believe ... that [an individual] has a substantially limiting impairment when, in fact, the impairment is not so limiting.'"  *Wilson v. Phoenix Specialty Mfg. Co., Inc.*, 513 F.3d 378, 385 (4th Cir. 2008) (quoting *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 489 (1999)).  "[W]hen an employee asserts a subsection (c) claim that he was regarded as disabled, the analysis 'focuses on the reactions and perceptions of the [employer's] decisionmakers' who worked with the employee."  *Wilson*, 513 F.3d, at 385.

Plaintiff has failed to present a prima facie case of discrimination, as he cannot satisfy the perceived disability element of his discrimination claim.  The fact that Plaintiff was placed on

temporary administrative leave pending a psychological evaluation does not satisfy the perceived

disability requirement, especially where, as here, the evaluation was ordered after the Plaintiff

expressed suicidal thoughts.  An employer's request for a psychological evaluation of an

employer is not evidence of a perceived disability.  *See Cody v. Cigna Healthcare of St. Louis,*

*Inc.*, 139 F.3d 595, 599 (8th Cir. 1998); *Glover-Parker v. Orangeburg Consolidated School*

*Dist.*, 2007 WL 1704903, * 9 (D.S.C. 2007).  "'Employers need to be able to use reasonable

means to ascertain the cause of troubling behavior without exposing themselves to ADA claims .

. .'"  *Cody*, 139 F.3d at 599.  Nor does imposing a leave of absence necessarily indicate that an

employer views an employee as disabled.  *See Johnson v. Boardman Petroleum*, 923 F.Supp.

1563, 1568 (S.D. Ga. 1996) (offer of a leave of absence showed concern for employee's well

being, not treatment of the employee as disabled).

Without any supporting facts, Plaintiff's bare allegations that the Agency considered him

to have a mental health disability are not sufficient to establish a prima facie case of

discrimination.  "[A] subjective belief of discrimination, however genuine, cannot be the basis of

judicial relief."  *Moore v. Reese,* 817 F.Supp. 1290 (D. Md. 1993).  Accordingly, Defendant's

motion must be granted with respect to Count I of Plaintiff's complaint.

## II.    Counts II and III - Retaliation Claims

To present a prima facie case of retaliation, Plaintiff must demonstrate that: 1) he

"engaged in a statutorily protected expression or activity; 2) he "suffered an adverse employment

action by her employer"; and 3) "there is a causal link between the protected expression and the

adverse action."  *Manikhi v. Mass Transit Administration*, 360 Md. 333, 349 (2000); *Price v.*

*Thompson*, 380 F.3d 209, 212 (4th Cir. 2004).  Once Plaintiff has established these three

elements, Defendant must offer a legitimate, nondiscriminatory basis for the adverse

employment action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Plaintiff

must then prove that the asserted reason is pretextual. *See Rowe v. Marley Co.*, 233 F.3d 825,

829 (4th Cir. 2000). A plaintiff may demonstrate pretext by showing that the employer's

explanation is not credible or by providing affirmative evidence of actual discrimination. *See*

*Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981). Any such evidence must,

however, be more than "self-serving opinions or speculation." *Kess v. Mun. Employees Credit*

*Union of Balt., Inc.*, 319 F. Supp. 2d 637, 644 (D. Md. 2004).

Defendant does not challenge Plaintiff's ability to assert a prima facie case of retaliation,

but rather argues that Plaintiff's suicidal remarks, mistaken qualifications, and failure to report to

work constituted legitimate, nondiscriminatory[1] reasons for placing Plaintiff on administrative

leave and eventually terminating Plaintiff's employment. There is no disagreement between the

parties regarding the facts on this point. Plaintiff admits that he made a statement at work about

jumping off the building, although he claims he was just joking. He does not dispute that this

comment directly led to Defendant placing him on administrative leave pending a psychological

evaluation. Plaintiff also never addresses his eligibility for the veteran's preference or challenges

Defendant's right to keep him on administrative leave while that issue was reviewed. Finally,

Plaintiff agrees that he did not show up for work after he was taken off of administrative leave.

Plaintiff's only argument is that Defendant's true motivation in placing and keeping him on

---

[1] Placing an employee who has threatened to harm himself or others on administrative leave pending a psychological evaluation is not an act of discrimination. *See, e.g., Sista v. CDC Ixis N. Amer.*, 445 F.3d 161, 172 (2d Cir. 2006) ("This Court ... does not read the ADA to require that employers countenance dangerous misconduct, even if that misconduct is the result of a disability."); *Pence*, 169 Fed.Appx. at 811-12; *Graham v. Boehringer Ingelheim Pharm., Inc.*, 451 F.Supp.2d 360, 364 (D. Conn. 2006).

administrative leave and terminating him was to retaliate against him for filing EEOC complaints.

Summary judgment may be granted in favor of a defendant employer when only the employer's motives, not the material facts, are in dispute.  *See Mitchell v. Data General Corp.*, 12 F.3d 1310, 1318 (4th Cir. 1993) (affirming summary judgment for employer where appellant failed to establish a genuine issue of material fact in connection with the employer's legitimate, non-discriminatory reason for its actions); *Goldberg v. Green*, 836 F.2d 845, 848 (4th Cir. 1998) (plaintiff's assertions about employer's state of mind and motivation not sufficient to withstand summary judgment).  Plaintiff has not challenged Defendant's version of the key facts regarding the supposedly discriminatory and retaliatory actions at issue in this case, so as to raise an issue that cannot be resolved at this stage.  Moreover, Plaintiff has not provided any reason, aside from bare assertions and speculation, to doubt the credibility of Defendant's non-discriminatory explanation for its action.  Nor has Plaintiff proferred any affidavits or other reliable evidence that would indicate that Defendant acted with discriminatory purpose.  Therefore, Defendant's motion must be granted as to the Plaintiff's retaliation claims in Counts II and III.

### <u>CONCLUSION</u>

For the reasons stated above, Defendant's Motion to Dismiss Or, Alternatively, For Summary Judgment is hereby GRANTED.  A separate Order follows.


Date: <u>November 15, 2012</u>                    <u>        /s/                        </u>
                                           ROGER W. TITUS
                                           UNITED STATES DISTRICT JUDGE